IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF K. ALEXANDRA MONACO, BAR NO. 9253.

No. 81749

**FILED**

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney K. Alexandra Monaco be suspended for three months, followed by an additional six-month-and-one-day suspension stayed for one year subject to certain conditions based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.9 (duties to former clients), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.1 (disciplinary matters).

The State Bar has the burden of showing by clear and convincing evidence that Monaco committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact that Monaco violated the above listed rules as those findings are supported by substantial evidence and are not clearly erroneous. *See* SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). Monaco failed to complete legal work for seven clients, refund their fees or return their files after her

20-45522

representation was terminated, safekeep client funds, and respond to the State Bar's inquiries.

This court determines the appropriate discipline de novo. SCR 105(3)(b). In doing so, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Monaco knowingly violated duties owed to her clients (competence, diligence, communication, and safekeeping property) and the profession (fees, declining or terminating representation, and failing to respond to State Bar inquiries). Her clients suffered actual or potential injury as their immigration matters were either not filed or delayed, despite having paid fees to Monaco. The baseline sanction before consideration of aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."); Standard 4.42 (providing suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client . . . ."). The record supports the panel's findings of four aggravating circumstances (pattern of misconduct, refusal to acknowledge any wrongful conduct on her part, vulnerable victims, and substantial experience in the practice of law) and three mitigating circumstances

(absence of prior disciplinary record, absence of dishonest or selfish motive, and some physical disabilities). Considering all of the factors, we conclude that the recommended discipline is appropriate.

Accordingly, we hereby suspend attorney K. Alexandra Monaco from the practice of law for three months commencing from the date of this order. Following the three-month actual suspension, Monaco shall be subject to a six-month-and-one-day suspension, stayed for one year subject to the conditions provided for in the hearing panel's order, which include meeting with a mentor, complying with binding fee dispute arbitration orders, and no new discipline. Additionally, Monaco shall pay the costs of the disciplinary proceeding, including $2,500 mandated by SCR 120(3), within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
       K. Alexandra Monaco
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court